IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| SARAH HULETT | Case No. 1:21-cv-01066-CL |
| Plaintiff, | |
| v. | OPINION AND ORDER |
| TROY BABB, | |
| Defendant. | |

CLARKE, Magistrate Judge.

Plaintiff Sarah Hulett brings this cause of action against the defendant, Troy Babb. The case comes before the Court on Plaintiff's motion for approval of an alternative service method (#5). For the reasons below, the motion is GRANTED.

## DISCUSSION

Without proper service, the court cannot exercise jurisdiction over a defendant. *See Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Rule] 4."). Defendant is an individual. Federal Rule of Civil Procedure 4(e) authorizes four methods of service for an individual[1]:

---

[1] Rule 4(e) authorized service for an individual "other than a minor, an incompetent person, or a person whose waiver has been filed." There is no indication the Defendant falls into any of these three categories.

      (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

      (2) doing any of the following:

          (A) delivering a copy of the summons and of the complaint to the individual personally;
          (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
          (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Similarly, under state law, the Oregon Rules of Civil Procedure provide:

> Summons shall be served, either within or without this state, in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend... Service may be made, subject to the restrictions and requirements of this rule, by the following methods: personal service of true copies of the summons and the complaint upon defendant or an agent of defendant authorized to receive process; substituted service by leaving true copies of the summons and the complaint at a person's dwelling house or usual place of abode; office service by leaving true copies of the summons and the complaint with a person who is apparently in charge of an office; service by mail; or service by publication.

ORCP 7(D)(1).

In this case, Plaintiff submits that personal service under the applicable rules has been attempted on numerous occasions. Exhibit 1 to counsel's declaration states that the process service company attempted to personally serve Defendant at his last known address at least ten times. The process server certifies that he confirmed in numerous ways that this was the correct address for Defendant, but Defendant evaded service. Finally, Plaintiff counsel's declaration states that her office "mailed true copies of the Summons, Complaint, and Civil Cover Sheet in the above captioned case to [Defendant's last known address] by regular USPS and Certified

Page – 2 – ORDER

Mail, handwritten return receipt requested," but the Certified Mailing shows "undelivered" on the USPS tracking website as of the date of the motion. For these reasons, Plaintiff requests approval of alternate service methods, including:

    (a) By regular USPS and Certified Mail, electronic return receipt, rather than handwritten return receipt to [Defendant's last known address];

    (b) By messaging Defendant Babb through Facebook Messenger from Plaintiff's counsel's firm's professional Facebook page; and/or

    (c) By posting on Plaintiff's counsel's firm's professional Facebook page and tagging Defendant Babb through his personal Facebook Page.

Plaintiff also submits evidence that Defendant is active on his Facebook account, both posting on his own page as recently as September 11, 2021, (Exhibit 2 to counsel's Declaration) and messaging Plaintiff directly during the events alleged in the Complaint (#1).

The Court finds that the proposed methods are reasonably calculated to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend. However, Plaintiff shall serve Defendant by regular USPS and Certified Mail, electronic return receipt, in addition to the second or third options, and may not merely pick one of the three listed above. In other words, Plaintiff may use Facebook to serve Defendant in a manner analogous to publication, in either of the methods suggested, but she must also serve by mail. In doing so, Plaintiff will comport with the Oregon Rules of Civil Procedure, and thus fulfill the requirements of FRCP 4(e)(1).

## ORDER

For the reasons above, the motion for alternative method of service(#5) is GRANTED. Plaintiff shall serve Defendant:

(a) By regular USPS and Certified Mail, electronic return receipt, to [Defendant's last known address]; and

(b) By messaging Defendant Babb through Facebook Messenger from Plaintiff's counsel's firm's professional Facebook page; and/or

(c) By posting on Plaintiff's counsel's firm's professional Facebook page and tagging Defendant Babb through his personal Facebook Page.

IT IS SO ORDERED AND DATED this __16__ day of September, 2021.

_____
MARK D. CLARKE
United States Magistrate Judge